Blanche E. INABINET and Bill M.
Inabinet, Plaintiffs–Appellants,

v.

Clayton L. CRAVATH,
Defendant–Appellee.

Court of Appeals of Tennessee,
Middle Section,
at Nashville.

Dec. 30, 1987.

Rehearing Denied Jan. 22, 1988.

Application for Permission to Appeal
Denied by Supreme Court
April 4, 1988.

Robert Clive Marks, Marks, Marks &
Shell, Roger Maness, Clarksville, for plaintiffs-appellants.

George R. Fleming, Sr., Fleming, Rudolph, Ross & Fendley, Clarksville, for defendant-appellee.

## OPINION

LEWIS, Judge.

Tennessee Code Ann. § 55–8–131 provides: "The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on said highway." The single issue presented by this appeal is whether the trial court erred in refusing to charge the provisions of Tenn.Code Ann. § 55–8–131.

This suit arose out of an automobile accident which occurred on Chaffee Road near its intersection with Ohio Avenue in Montgomery County, Tennessee.

Chaffee Road, at the point where the collision occurred, is a four-lane road with a turning lane, two lanes for traffic traveling in a southeastwardly direction and two lanes for traffic traveling northwestwardly. There is a signal light at the intersection of Ohio Avenue and Chaffee Road.

Defendant left his place of employment from a private drive located on the northwesterly side of Chaffee Road. This private drive entered Chaffee Road at a point between the beginning of the left-turn lane and Chaffee Road's intersection with Ohio Avenue. Defendant intended to turn left onto the southeasterly lanes of Chaffee Road after first crossing the northwest bound lanes of Chaffee and the left-turn lane.

Before entering Chaffee from the private driveway, defendant stopped at the north edge of Chaffee Road. He looked to his right and no traffic was approaching from that direction since the traffic light at the intersection of Chaffee and Ohio was red for traffic traveling on Chaffee. Defendant looked to his left and there was no traffic which would interfere with his crossing the westbound lanes. The defendant pulled from the private driveway and turned diagonally across the westbound lanes to enter the eastbound lanes of Chaffee before the traffic light at the intersection of Chaffee and Ohio changed to green for traffic traveling on Chaffee Road. After defendant had moved onto the two northwest bound lanes of Chaffee, the engine died and his truck stalled. At this time the left-turn lane was clear. Defendant applied his brakes so his vehicle would not roll farther into Chaffee Road. He then put the transmission into park so he

could restart his vehicle. While restarting the engine he looked to his left and the traffic coming from his left was stopping. He looked to his right and the traffic light at the corner of Chaffee and Ohio was still red. He restarted his truck and turned to go east on Chaffee Road at which time his vehicle collided with the passenger side of plaintiff's vehicle.

Plaintiff testified that when she approached the left-turn lane before the collision, she saw a car stopped for the defendant, that she was slowing to stop and

the light was red. I thought since the light was red and it looked to me [defendant] was at a diagonal there with the front of his truck pointing towards gate 4, I assumed he was making a left-hand turn to go out.

I had slowed watching, assuming he was going to go on. When I got there, I had my clutch in and had applied my brakes. I was going fairly slow. He had up to that point made no motion to move. I therefore assumed he was waiting for me to proceed on in the turn lane and up to the light.

The plaintiff also testified that she intended to turn left from Chaffee Road onto Ohio Avenue enroute to pick up her son at pre-school. She had slowed below the speed limit because the traffic-control light at the intersection of Chaffee and Ohio was red for traffic on Chaffee.

The trial court refused plaintiffs' special request to charge Tenn.Code Ann. § 55–8–131, stating:

[T]he charge of TCA 55–8–131 will not be given inasmuch as it's the Court's view that the evidence in this case establishes that the defendant left a private driveway, entered a public highway; that his vehicle stalled or stopped and that the difficulties in this matter occurred after that.

Therefore, I do not believe that the statute is applicable to the evidence which has been admitted. Therefore, plaintiff's request No. 2 is denied.

Tennessee Code Ann. § 55–8–131 refers to a "driver of a vehicle *about* to enter or cross a highway" (emphasis added). Before entering, that is, immediately preceding his entry onto the highway, the driver must ascertain that there is no approaching traffic that would interfere with his entering the highway with safety. The statute applies to circumstances that exist before the driver enters the highway from a private drive. The statute does not apply to circumstances that occur after the driver has entered the highway.

The evidence is that before entering the highway the defendant stopped and ascertained that there was no oncoming traffic and that he could safely cross two lanes of the highway and turn left. There is no evidence to the contrary.

The circumstances that brought about this accident occurred after the defendant had entered the highway. His vehicle stalled and, after restarting, he pulled into the side of plaintiff's automobile. If the defendant was guilty of negligence, it was a failure to keep a proper lookout under the circumstances then existing.

The trial court charged the jury on the duty of keeping a proper lookout and this charge was considered by the jury. There is no evidence that the defendant violated Tenn.Code Ann. § 55–8–131 and the trial court properly refused the plaintiffs' special request.

The judgment of the trial court is affirmed with costs assessed to the plaintiffs and the cause remanded to the trial court for the collection of costs and any further necessary proceedings.

TODD, P.J. (M.S.), and KOCH, J., concur.